# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: APRIL 2, 2015
NOT TO BE PUBLISHED

**Supreme Court of Kentucky**

2014-SC-000129-MR

FINAL

DATE 4-23-15 _____ P.C.

WILLIAM YEAPLES                                                          APPELLANT


ON APPEAL FROM BOURBON CIRCUIT COURT

V.              HONORABLE ROBERT G. JOHNSON, JUDGE

NOS. 12-CR-00019 and 13-CR-00100


COMMONWEALTH OF KENTUCKY                                    APPELLEE


**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

On Christmas day, 2011, Appellant, William B. Yeaples drove William Ross and John Haynes to the home of Lee Richardson. While at the residence, Ross and Haynes robbed and shot Lee and his son Joe Richardson. Lee died as a result. After the shooting, Yeaples drove away with Haynes and Ross in tow.

Yeaples was subsequently arrested and indicted for complicity to murder, complicity to first-degree assault, and tampering with physical evidence. By information, Yeaples was also charged with complicity to first-degree robbery. At a pre-trial bond hearing, the lead investigating detective testified that Yeaples admitted to driving Ross and Haynes to and from the Richardson home, but denied knowing that they intended to rob, shoot, or kill anyone. The Commonwealth averred that Yeaples procured the murder weapon and

provided it to Ross prior to the murder. This was based in part on Haynes' statements to the police.

In exchange for a recommended sentence of 30 years' imprisonment, Yeaples pled guilty to all charges in both cases with the exception of complicity to murder, which was amended down to facilitation to murder. After entering his plea, Yeaples requested to waive his pre-sentence investigation and proceed immediately with sentencing. Considering the severity of the charges, the trial court postponed final sentencing.

Two months later, Yeaples moved to withdraw his guilty plea. The trial court held a hearing on the motion and, after hearing testimony from Yeaples and his trial counsel, denied the motion. After reviewing Yeaples pre-sentencing report, the court sentenced him in accordance with the plea agreement. Yeaples now appeals his conviction and sentence as a matter of right pursuant to § 110(2)(b) of the Kentucky Constitution.

## Withdrawing the Guilty Plea

Yeaples' sole argument on appeal is that the trial court erred by denying his motion to withdraw his guilty plea. RCr 8.10 provides that "[a]t any time before judgment the court may permit the plea of guilty . . . to be withdrawn and a plea of not guilty substituted." When determining whether a guilty plea was entered voluntarily, trial courts must consider the totality of the circumstances. *Edmonds v. Commonwealth*, 189 S.W.3d 558, 566 (Ky. 2006). "This inquiry is inherently fact-sensitive" and we review for clear error. *Id.*

2

On September 12, 2013, the trial court conducted a plea colloquy with Yeaples that satisfied the requirements of *Boykin v. Alabama,* 395 U.S. 238 (1969). During the proceeding, the court read the facts of the case aloud:

> [Yeaples] planned and supported armed robbery of Lee Richardson when he acquired pistol for robbery, loaded pistol, transported accomplices to and from Richardson's residence, and aided in concealment of the pistol, subsequent to the robbery and death of Lee Richardson, and assault of Joe Richardson.

Yeaples acknowledged that these facts were accurate, that he was entering the plea of his own free will, and that he was pleading guilty in two separate cases. He further indicated that he understood the plea agreement and that he discussed it with his trial counsel, Heather Crabbe, and that he was satisfied with Ms. Crabbe's representation.

On October 31, 2013, Yeaples filed a motion to withdraw his guilty plea arguing that ineffective assistance of counsel rendered his plea involuntary. He specifically asserted that: 1) trial counsel never advised him that pleading to lesser included offenses was a potential option; and 2) he complained to Ms. Crabbe that the facts recited in the guilty plea were inaccurate, but that Ms. Crabbe told him to plead to those facts because "they were just the Commonwealth's version of the facts." Yeaples maintains these arguments on appeal.

On February 14, 2014, the trial court conducted a hearing on Yeaples' motion to withdraw his guilty plea. Yeaples acknowledged that he had authorized Ms. Crabbe to engage in plea negotiations with the Commonwealth and that he discussed his plea agreement with Ms. Crabbe and a mitigation

3

specialist. Ms. Crabbe testified that she discussed lesser included charges and potential defenses with Yeaples at various stages of the trial court proceedings.

Ms. Crabbe also acknowledged that when Yeaples expressed reservations with the facts presented in the plea agreement, she informed him that it was her experience that the court would not accept the plea if Yeaples informed the court that he did not engage in those actions. Accordingly, the case would continue to trial. Ms. Crabbe further stated that it became clear over time that the Commonwealth was building a strong case and that she informed Yeaples that a sentence of life without parole was a possibility. She specifically noted that Yeaples' co-defendants and others agreed to testify against him.

In support of his argument, Yeaples urges this Court to apply the multi-factor test for withdrawing a guilty plea under the federal criminal rules presented in *United States v. Hockenberry*, 730 F.3d 645 (6th Cir. 2013). While these factors may prove instructive in certain instances, our own precedent is controlling. *Edmonds,* 189 S.W.3d at 566. Having considered the totality of the circumstances presented in the record and specifically Yeaples' testimony at the hearing on the motion to withdraw, we cannot determine that the trial court's denial of that motion was clearly erroneous.

## Conclusion

For the foregoing reasons, the judgment of the Bourbon Circuit Court is hereby affirmed.

All sitting. All concur.

4

COUNSEL FOR APPELLANT:

Steven Jared Buck
Assistant Public Advocate
Department of Public Advocacy


COUNSEL FOR APPELLEE:

Jack Conway, Attorney General

Julie Scott Jernigan
Assistant Attorney General

5